442 P.2d 468

**Judith H. DiENES and Dianne D. McMain, Plaintiffs and Appellants,**

v.

**SAFECO LIFE INSURANCE COMPANY, a** *Washington corporation,* **Defendant and Respondent.**

No. 11048.

Supreme Court of Utah.

June 10, 1968.

., Max K. Mangum of Mulliner, Prince & Mangum, Salt Lake City, for appellants.

Rex J. Hanson and Merlin R. Lybbert of Hanson & Baldwin, Salt Lake City, for respondent.

ELLETT, Justice:

This is a suit by beneficiaries upon an insurance policy containing the following language:

> Accidental Death and Dismemberment Benefits—Subject to the exclusion provision, if any employee, while insured by this policy and prior to retirement, *sustains bodily injuries effected solely through external, violent and accidental means,* and as a result thereof, suffers within 90 days one of the following losses, Lifeco [1] Insurance Company of America will pay * * * [Emphasis added]
>
> 1. For loss of life, the full amount;
> * * * * * *
> Exclusions—No Benefits * * * shall be paid for accidental death * * * caused by:
>
> 1. Disease or bodily or mental infirmity, * * *

The point involved in this appeal is the interpretation of the quoted language: Does it mean that the plaintiffs can recover if death resulted from an *injury* effected solely through external, violent and accidental means, even though the physical condition of the insured may have been a contributing factor in causing his death? Or does it mean that the *death* of the insured must be caused solely through external, violent and accidental means? The plaintiffs claim the former, the defendant the latter.

■ At the pretrial conference, the court recognized the problem and stated it clearly. However, instead of ruling on it, he made the following order: "The parties will be prepared to argue this matter at the time of trial and will provide the Trial Court with a brief in connection therewith." Under Rule 16, U.R.C.P., the court at pretrial should consider among other things, "(5) Such other matters as may aid in the disposition of the action." This provision permits and contemplates that disputed issues of law should be recognized and ruled upon, if possible, before the case is called for trial. 3 Moore's Federal Practice 1125 § 16.16. By making a determination of what the applicable law is, the court greatly assists counsel in their attempts to settle the matter, and if settlement cannot be effected, then the parties know better how to marshal the evidence for trial. It would have been better, in this case, if the pretrial judge had ruled on the issue of law which he recognized instead of passing it on for a ruling by the trial judge on the day of trial. However, a jury trial was had and the matter fully tried and verdict given for the defendant.

---

1. The name Lifeco has been changed to Safeco.

Before instructing the jury, the trial court in chambers stated to counsel:

Under plaintiffs' theory of the case, there is now a substantial dispute in the evidence, which appears that, if the Court should rule on the law question in favor of plaintiff, then, I would have to submit the case to the Jury because we now have one doctor testifying that there is a connection with the accident; another doctor testifying that there is no connection between the accident and the death.

And, if I rule in favor of defendant's contention as to the law of the case, then, I should direct a verdict.

The plaintiffs' request for an instruction on their theory of the case was refused. Instead, the court instructed in the language of the policy and thereby left the interpretation of the language of the policy to the jury. The trial court advised plaintiffs' counsel that he would not permit him to argue that the insuring agreement was ambiguous and that in his argument to the jury plaintiffs' counsel would be governed by the law as stated in the court's instructions.

Despite his holding that the policy was not ambiguous, the court had further conversation with counsel as follows:

THE COURT: Also, what appears to have been a problem of both counsel in making their summation and argument with respect to the law, as stated by the Court, it may be that there actually was no question of fact in this case; that the Court, probably—or, at least, may have had the duty, at the outset, of defining what is the meaning of this contract and stating the law and ruling for plaintiff or defendant without submitting it to the Jury.

\*   \*   \*   \*   \*   \*

THE COURT: I will restate what I have in mind; defendant contends that if death resulted because of a combination of accident and illness plaintiff is not entitled to recover.

MR. HANSON: Yes; or, solely by reason of the illness.

THE COURT: That it should be one or the other. It is just about impossible— it has been impossible for the Court to give instructions to the Jury without taking one side or the other; and to take one side or the other, would be to give them an instructed verdict.

The law is stated in Corbin on Contracts, § 559, as follows:

\* \* \* If, however, it is clear that the parties tried to make a valid contract, and the remaining doubts as to the proper interpretation is merely as to which of two possible and reasonable meanings should be adopted, the court will adopt that one which is the less favorable in its legal effect to the party who chose the words.

The rule for interpreting an insurance policy is stated in the concurring opinion of Mr. Justice Larson in Browning v. Equitable Life Assurance Society, 94 Utah 532, 561, 72 P.2d 1060, 1073, as follows:

Insurance policies, while in the nature of written contracts, are not prepared after negotiations between the parties, to embrace the terms at which the parties have arrived in their negotiations. They are prepared beforehand by the insurer, and the company solicitors then sell the insurance idea to the applicant. Normally, the details and provisions of the policy are not discussed, except that the particular form of policy is best suited to give the applicant the protection he seeks. If he reads the policy he is generally not in a position to understand its details, terms, and meaning except that, in the event against which he seeks insurance, the company will pay the stipulated sums. He seldom sees the policy until it has been issued and is delivered to him. He signs an application blank in which the policy sought is described either by form number or by a general designation, pays his premium, and in due course thereafter receives, either from the agent or through the mails, his policy. Many of its terms and all of its defenses and super-refinements he has never heard of and would not understand them if he read them. Such fact is evident from the fact that cases like this arise where lawyers and courts disagree as to what such provisions mean. In fact, there are about as many different constructions by the courts of terms such as those involved here as there are insurance companies issuing such policies. For this reason the rule of strictissimi juris has been applied almost universally to insurance contracts, and this jurisdiction, like many others, has declared in favor of a liberal construction in favor of the insured to accomplish the purpose for which the insurance was taken out and for which the premium was paid. [Citations omitted]

It will be noted that the policy in the instant case in not that the insurer will pay if *death* results solely from external, violent and accidental means, as the usual policy provides. Instead, it promises payment if death results from *injuries* effected solely through external, violent and accidental means. The exclusionary provision is not the usual case where no payment will be made for death caused in whole or in part from disease, etc. The exclusion here is that "no benefits * * * shall be paid for accidental death * * * caused by * * * disease."

A case squarely in point was before the Supreme Court of Mississippi in 1950, wherein it was held:

Therefore, under the foregoing testimony we are of the opinion that it was a question for the jury as to whether

or not the death of the insured was the proximate result of *bodily injuries,* which were effected solely by external violent and accidental means. In fact, there could be no question but that the bodily injuries were received and effected solely by external violent and accidental means, and if there is any doubt as to whether the provision of the policy means that the bodily injuries must be effected solely by external violent and accidental means, instead of meaning that the *death* must be effected solely by such means, then the doubt would have to be resolved in favor of the insured, since Section 5681, Code of 1942, renders unenforcible in favor of the insurer "any contract of insurance or agreement as to such contracts other than are plainly expressed in the application and policy issued thereon; * * *".[2]

■ While Utah has no statute which renders unenforcible in favor of the insurer any agreement that is not plainly expressed in the application and policy, the law is clearly to the effect that no ambiguous statement is to be enforced against an insured. See Browning v. Equitable Life Assurance Society, supra.

■ We think the proper interpretation to be placed upon the language of the provisions of the policy involved in the instant case is that plaintiffs may recover if the insured died as a result of *injuries* sustained solely by external, violent and accidental means. It is no defense to the action to claim that a normal person would not have died as a result of the injuries received. Even though the life of the insured hangs by a precarious thread, the beneficiaries under this type of policy can recover when death results from injuries and would not have occurred at that time expect for those injuries.

By instructing in the language of the policy, the trial court erroneously permitted the jury to determine the legal effect thereof. From the general verdict renderd by the jury, it is not possible for us to know whether the jury found as a fact that death was caused by a heart attack independent of injuries received in the accident or whether death resulted from a heart attack induced by such injuries and which otherwise would not have occurred at that time.

The judgment of the trial court is reversed and the case remanded for a trial of the issue as to whether death resulted from injuries effected solely through external, violent and accidental means, i. e., whether the insured died from a heart attack resulting from those injuries. Costs to plaintiffs.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

HENRIOD, J., concurs in the result.

2. Standard Life Ins. Co. of the South v. Foster, 210 Miss. 242, 49 So.2d 391, 395.